# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

The Standard Fire Insurance Company,

    Plaintiff(s),

v.

Xiyue Yang,

    Defendant(s).

Case No. 2:25-cv-01757-JAD-NJK

**Order**

[Docket No. 11]

Pending before the Court is Defendant's motion to stay discovery pending resolution of his motion to dismiss. Docket No. 11.[1] Plaintiff filed a response in opposition. Docket No. 15. Defendant filed a reply. Docket No. 16. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court is not persuaded that a stay of discovery is warranted as the Court is not convinced that the motion to dismiss will succeed. It bears repeating that the filing of a non-

---

[1] The motion to dismiss has been briefed. Docket Nos. 6, 9, 10.

frivolous dispositive motion, standing alone, is not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4). The Court is not convinced that the motion to dismiss will be granted.[2]

Accordingly, the Court **DENIES** the motion to stay discovery.

IT IS SO ORDERED.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss and may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of the motion to dismiss is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide elaborated discussion of the merits of the underlying motion in this instance. The Court notes that Defendant's claim-splitting argument is essentially abandoned in reply. Docket No. 10 at 11-12. As to *Colorado River* abstention, the motion to dismiss recognizes that federal courts have a "virtually unflagging obligation" to exercise jurisdiction that yields in only exceptional circumstances. Docket No. 6 at 7-8. The Court is not convinced that the motion to dismiss will prevail in establishing such exceptional circumstances here. Lastly, the Court is not convinced by the arguments Defendant raised in reply on the motion to dismiss. *Cf. Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

2