**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| The Standard Fire Insurance Company,<br><br>        Plaintiff<br><br>v.<br><br>Xiyue Yang,<br><br>        Defendant | Case No.: 2:25-cv-01757-JAD-NJK<br><br>**Order Denying Motion to Dismiss and Denying as Moot Objection to Magistrate Judge Order**<br><br>[ECF Nos. 6, 19] |

The Standard Fire Insurance Company (SFIC) issued a car-insurance policy to Haibo Zhao, who got into a car accident with defendant Xiyue Yang.  SFIC offered to settle the dispute for Zhao's $50,000 policy limit and, according to SFIC, Yang agreed.  But before Yang signed some documents memorializing the agreement, Yang reneged and sued Zhao in state court.  Zhao moved to enforce the settlement agreement in the state-court action and sought a writ of mandamus from the Nevada Supreme Court, but both motions were denied.  SFIC now brings an action for breach of the settlement agreement in this federal forum.  It seeks a declaration that an agreement was formed, that Yang breached it, and that Yang thus cannot maintain his state-court suit against Zhao.  It also seeks monetary damages and an injunction ordering Yang to dismiss the state-court case.

Yang moves to dismiss this case under the abstention doctrine established by the United States Supreme Court in *Colorado River Water Conservation District v. United States.*[1]  He argues that this matter has been litigated and resolved in state court and that SFIC's reactive filing here should not be permitted.  In reply, Yang also contends that the abstention doctrine for

---

[1] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

declaratory actions from *Brillhart v. Excess Insurance Co. of America*[2] warrants dismissal and that the Anti-Injunction Act prohibits this court from enjoining Yang's participation in the state-court action.  I directed SFIC to file a sur-reply addressing those supplemental arguments.

I deny Yang's motion.  Yang has not shown that exceptional circumstances exist to dismiss this case under *Colorado River,* and because SFIC's declaratory-relief claim is not independent from its contract claim for damages, *Brillhart* does not apply.  Although the Anti-Injunction Act may restrict SFIC's available remedies, it does not provide a reason to dismiss this case in its entirety.  And now that Yang's motion to dismiss is resolved, I also overrule as moot Yang's objection to the magistrate judge's denial of his motion to stay discovery in this case while his dismissal motion was pending.

### Background[3]

On May 21, 2023, Haibo Zhao and Xiyue Yang got into a car accident in Las Vegas, Nevada.[4]  Zhao had a car-insurance policy with SFIC that contained a $50,000 per-person liability-coverage limit.[5]  In April 2024, Yang's attorney contacted SFIC and requested information about Zhao's policy, then demanded that SFIC tender the policy's liability-coverage limits to settle Yang's claim against Zhao.[6]  On April 23rd, an SFIC representative accepted the settlement demand, agreed to tender the $50,000 policy limit, and asked Yang to sign a release memorializing the terms of the settlement agreement.[7]  But on May 9, 2024, Yang's attorney

---

[2] *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).

[3] These facts are taken from SFIC's complaint (ECF No. 1) and are not intended as findings of fact.

[4] ECF No. 1 at ¶ 10.

[5] *Id.* at ¶ 9.

[6] *Id.* at ¶¶ 15–17.

[7] *Id.* at ¶¶ 19–20.

informed SFIC that Yang did not accept the settlement and would instead file a lawsuit against Zhao.[8]  That suit was filed in state court on May 6th.[9]

Zhao filed a motion to enforce the settlement agreement in the state-court action.[10]  The court held a hearing on the motion and denied it without a written opinion explaining the decision.[11]  Zhao then filed a writ of mandamus on the same issue, which was denied by the Nevada Supreme Court.[12]  SFIC has been providing Zhao's legal defense throughout the state-court action.[13]

Since Zhao struck out in state court, SFIC now brings similar arguments to enforce the settlement agreement in this court.  SFIC's complaint asserts a breach-of-contract claim and a declaratory-judgment claim.  SFIC seeks "a judicial declaration that the settlement agreement to which SIFC assented is binding on the parties and precludes [Yang] from suing [] Zhao or recovering from [] Zhao beyond the $50,000 policy limits previously tendered by SFIC."[14]  It prays for an injunction "ordering [Yang] to dismiss the underlying suit against [] Zhao with prejudice.[15]  And it "seeks to recover from [Yang] for damages arising from [Yang's] breach of the settlement agreement, including moneys [sic] spent to enforce the settlement agreement and legal fees and costs expended defending [] Zhao in the underlying suit."[16]

---

[8] *Id.* at ¶ 25.

[9] *Id.* at ¶ 26.

[10] *Id.* at ¶ 27.

[11] *Id.* at ¶ 29.

[12] *Id.* at ¶¶ 30–31.

[13] *Id.* at ¶ 32 ("SFIC continues to provide a legal defense to Mr. Zhao in the underlying suit pursuant to the policy.").

[14] *Id.* at ¶ 34.

[15] *Id.* at 13.

[16] *Id.* at ¶ 34.

**Discussion**

**A.      The *Colorado River* doctrine applies to this action, and the facts do not support dismissal under it.**

Yang's initial motion to dismiss argues that this court should abstain from this case under the *Colorado River* doctrine.  That doctrine applies to actions for damages, while a more lenient, discretionary standard—often referred to as the *Brillhart/Wilton* doctrine—applies to cases that seek purely declaratory relief.  But in reply, Yang asserts that *Brillhart/Wilton* justifies abstention too, contending that SFIC's response has "recast" its allegations "in a way that squarely triggers discretionary abstention."[17]

"If the same action contains claims for both monetary and declaratory relief, the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief."[18]  To determine whether a suit exclusively seeks declaratory relief, the court must ask "whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case."[19]  But "if the monetary claim could have been asserted only along with the declaratory claim, and the case is 'primarily declaratory in nature,' abstention may be appropriate."[20]

---

[17] ECF No. 10 at 2.

[18] *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 840 (9th Cir. 2017) (quoting *R&R St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 976–77 (9th Cir. 2011)); *see also Gov't Emps. Ins. Co. v. Drizol*, 133 F.3d 1220, 1225–26 (9th Cir. 1998) ("If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation.").

[19] *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167–68 (9th Cir. 1998).

[20] *Burlington Ins. Co. v. Panacorp, Inc.*, 758 F. Supp. 2d 1121, 1140 (D. Haw. 2010) (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001)).

SFIC's claims are independent from each other.  If the declaratory-judgment claim were dropped from this lawsuit, SFIC's breach-of-contract action would continue to exist and SFIC would still be entitled to monetary relief on the basis of that claim alone.[21]  The fact that the motivating force behind this litigation appears to be an outcome that will affect the state-court action does not factor into this analysis.[22]  So I conclude that the *Colorado River* framework—not the *Brillhart/Wilton* doctrine—is the appropriate analysis to apply to this case.

"Exceptional circumstances must be present for a district court to abstain from [a plaintiff's] independent non-declaratory judgment claim and its related declaratory judgment claim[]."[23]  Only "the clearest of justifications . . . can suffice under *Colorado River* to justify the surrender" of the court's "virtually unflagging obligation" to exercise its jurisdiction.[24]  The Ninth Circuit has "listed eight factors to be considered in determining" whether dismissal under *Colorado River* is appropriate:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides

---

[21] *See Seneca Ins. Co.*, 862 F.3d at 840–41 (holding that the fact that the plaintiff "unfailingly sought damages brings its suit squarely within the *Colorado River* framework," even when the complaint described the action as one for declaratory judgment (cleaned up)).

[22] *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1159 (9th Cir. 2012) (overruling district-court decision finding that the plaintiff's declaratory and non-declaratory claims were dependent on each other, holding that it is not sufficient that the claims "contained overlapping facts" or that the declaratory-relief claim was "the driving force behind all other issues").  Yang's contention in reply that SFIC's response "recasts its complaint" to focus on declaratory and injunctive relief doesn't change my analysis.  The Ninth Circuit clearly requires a district court to hear the declaratory-relief aspects of a case that invoke the court's jurisdiction over related monetary claims.  The fact that SFIC also seeks declaratory relief—and indeed seems to primarily seek that relief—in addition to monetary relief does not permit this court to decline jurisdiction over the case as a whole.

[23] *Id.*

[24] *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (citations and emphasis omitted).

> the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigations; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.[25]

Courts are instructed to apply these factors "in a pragmatic, flexible manner with a view to the realities of the case at hand," and "[t]he weight to be given to any one factor may vary greatly from case to case . . . ."[26]  In some cases, "a single factor may decide whether [dismissal] is permissible."[27]

In this case, it's the last factor—"whether the state court proceedings will resolve all issues before the federal court (the parallelism factor)"[28]—that requires denial of Yang's motion. "The parallelism factor provides that 'the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal.'"[29] "Though 'exact parallelism . . . is not required,' substantial similarity of claims is necessary before abstention is available."[30]

The state-court action between Yang and Zhao is not parallel or substantially similar to SFIC's federal breach-of-contract case.  Though SFIC is paying for Zhao's defense in the state case, and Zhao filed a motion to enforce the settlement agreement that raises many of the same facts and issues that are raised here, the state case is, at its core, a personal-injury tort action between two drivers.  SFIC's separate rights and interests against Yang for his alleged breach of

---

[25] *Id.* (quoting *R&R St.*, 656 F.3d at 978–79).

[26] *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

[27] *Id.* (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993); *Moses H. Cone*, 460 U.S. at 19).

[28] *Seneca Ins. Co.*, 862 F.3d at 845 (cleaned up).

[29] *Id.* (quoting *R&R St.*, 656 F.3d at 982).

[30] *Id.* (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).

contract are not at issue in that action.  So I cannot conclude that the state-court action and this federal action are similar enough to support dismissal.

Yang insists that Zhao's attempts to raise issues related to the settlement agreement suffice to show that the matter can be handled in state court.  I find this showing insufficient to permit this court to waive its jurisdictional obligation to hear this case.  The state court denied Zhao's motion to enforce the settlement agreement in a two-page order that does not explain the reasons behind that decision.[31]  I cannot determine anything from that denial that would suggest that the state court can resolve SFIC's breach-of-contract claims within the confines of a tort action to which SFIC is not a party.  And when there is a "substantial doubt" that the state court will resolve the federal action, I must deny a motion for *Colorado River* dismissal.[32]  I find that such substantial doubt exists here, so I deny Yang's motion to dismiss on *Colorado River* grounds.

**B.      The Anti-Injunction Act may limit SFIC's relief, but it does not demand dismissal.**

In his reply, Yang contends that the Anti-Injunction Act separately precludes SFIC's suit.[33]  "The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from enjoining state court actions except in specific and narrow circumstances" that don't apply here.[34]  The Act applies "although the injunction would be directed at a litigant . . . instead of the state court

---

[31] ECF No. 6 at 90–91.

[32] *Seneca Ins. Co.*, 862 F.3d at 845.

[33] ECF No. 10 at 2.

[34] *California v. Randtron*, 284 F.3d 969, 964 (9th Cir. 2002) (citations omitted).

proceeding itself,"[35] and it applies "to declaratory judgments if those judgments have the same effect as an injunction."[36]

SFIC seeks "a declaration that the settlement agreement precludes [Yang] from maintaining the underlying suit" in state court, a declaration precluding Yang "from recovering more than $50,000" in that suit, and an injunction "ordering [Yang] to dismiss the underlying suit against [] Zhao with prejudice."[37] It's very likely that those requests, if granted, would violate the Anti-Injunction Act. But the Act doesn't provide a valid basis to dismiss this entire action. SFIC's complaint seeks declaratory and injunctive relief that may not be permitted, but it also seeks relief—like declaratory relief related to the rights of the parties under the purported settlement agreement and monetary damages due to breach—that likely does not run afoul of the Anti-Injunction Act. At this stage, I find that the appropriate course of action is to allow this case to proceed and reserve arguments concerning the proper scope of relief for the stage in the litigation when those arguments are relevant. So I deny Yang's motion as it relates to the Anti-Injunction Act, too.

**C.    Yang's objection to the magistrate judge's order is overruled as moot.**

While the motion to dismiss was pending, Yang filed a motion to stay discovery in this case.[38] Magistrate Judge Nancy J. Koppe denied that motion, concluding that she was not convinced that the motion to dismiss would be granted.[39] Yang objects to that conclusion,

---

[35] *Id.* (citing *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1377–78 (9th Cir. 1997)).

[36] *Id.* (citing *Texas Emps. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988); *Thiokol Chem. Corp. v. Burlington Indus.*, 448 F.2d 1328, 1332 (3d Cir. 1971)).

[37] ECF No. 1 at 12–13.

[38] ECF No. 11.

[39] ECF No. 17 at 2.

arguing that he made a sufficient showing that his dismissal arguments were meritorious enough to warrant a stay.[40]  Because I have denied Yang's dismissal motion, I overrule Yang's objection as moot.

**Conclusion**

IT IS THEREFORE ORDERED that Xiyue Yang's motion to dismiss **[ECF No. 6] is DENIED.**

IT IS FURTHER ORDERED that Yang's objection to the magistrate judge's order denying a stay of discovery **[ECF No. 19] is OVERRULED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
July 2, 2026

---

[40] ECF No. 19.